UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DARIN GATSON,

                Petitioner,

    v.

STATE OF WASHINGTON,

                Respondent.

Case No. C16-524-RAJ-JPD

REPORT AND RECOMMENDATION

Petitioner Darin Gatson has submitted to the Court for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner indicates in his petition that he is seeking to challenge a 2016 King County Superior Court judgment and sentence.  (*See* Dkt. 1-1 at 1.) Petitioner also indicates in his petition that his direct appeal is still in progress, and that none of his federal habeas claims have yet been presented to the state's highest court for review.  (*See id.*)

A state prisoner is required to exhaust all available state court remedies before seeking a federal writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  The exhaustion requirement is a matter

REPORT AND RECOMMENDATION
PAGE - 1

of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted).  In order to provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

As it is clear from the face of the petition that petitioner has not properly exhausted any of his grounds for federal habeas relief at this juncture, his claims are not yet eligible for federal habeas review.  This Court therefore recommends that petitioner's petition for writ of habeas corpus and this action be dismissed without prejudice.  This Court further recommends that petitioner's application for leave to proceed *in forma pauperis* be stricken as moot.

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge.  A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(3).  A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Under this standard, this Court concludes that petitioner is not entitled to a certificate of appealability in this matter.  A proposed order accompanies this Report and Recommendation.

REPORT AND RECOMMENDATION
PAGE - 2

1   Objections to this Report and Recommendation, if any, should be filed with the Clerk and
2 served upon all parties to this suit by no later than **May 9, 2016**.  Failure to file objections within
3 the specified time may affect your right to appeal.  Objections should be noted for consideration
4 on the District Judge's motion calendar for the third Friday after they are filed.  Responses to
5 objections may be filed within **fourteen (14)** days after service of objections.  If no timely
6 objections are filed, the matter will be ready for consideration by the District Judge on **May 13,**
7 **2016.**

8   This Report and Recommendation is not an appealable order.  Thus, a notice of appeal
9 seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the
10 assigned District Judge acts on this Report and Recommendation.

11   DATED this 18th day of April, 2016.

12

13   *[signature: James P. Donohue]*
     JAMES P. DONOHUE
     Chief United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3